UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ZACARIAH HANDY,<br><br>  Defendant. | Case No. 1:07-cr-00046-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Zacariah Handy's Motion for Early Termination of Supervised Release. Dkt. 21. The Government has filed an opposition to the Motion, Handy filed a reply brief, and the matter is ripe for the Court's consideration. Dkts. 23 and 24. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons set forth below, the Court finds good cause to DENY

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

Handy's Motion.

## II. BACKGROUND

Handy pled guilty to Possession of Sexually Exploitive Materials Involving Minors. Dkts. 2 and 4. On June 18, 2007, the Court sentenced Handy to 52 months imprisonment to be followed by 20 years of supervised release. Dkt. 15. Handy completed his term of incarceration, and on May 9, 2011, began his term of supervised release. Handy has now served 13 years of his 20-year term of supervised release and requests early termination under 18 U.S.C. § 3583(e)(1). Dkt. 21.

## III. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), supervised release may be terminated any time after one year, pursuant to the applicable rules of criminal procedure, where a court determines such action is warranted by the conduct of the defendant released and the interest of justice. District courts retain broad discretion in determining whether to grant a motion to terminate supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

In making this determination, the court considers certain factors set forth in 18 U.S.C § 3553(a) including: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted

sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing § 3553(a)(1–7)); *United States v. Weber*, 451 F.3d 552, 557–58 (9th Cir. 2006).

## IV. DISCUSSION

Handy represents that he has complied with the conditions of his release, maintains employment, bought a home and has reconnected with his son. Dkt. 21.

The Government opposes the Motion. Dkt. 23. In its opposition to Handy's motion, the Government argues that the nature and circumstances of the offense are serious, that early termination of supervised release does not promote deterrence to both the Defendant and the general public, and that there is a need to protect the public due. *Id.* at 2 and 3.

Having reviewed the relevant factors discussed in § 3583(e)(1), and § 3553(a)(1–7); Handy's filings; the Government's response; and the record herein, the Court denies the Motion. The nature and circumstances of the offense do not warrant early termination at this time. The Court congratulates Handy on his success in complying with his release conditions, reintegrating into his community, and buying a home. However, given the nature of the charges and the basis for the original sentencing, the Court finds neither the circumstances of this case nor the interests of justice warrant early termination under § 3583(e). Handy is encouraged to continue making good decisions, maintain his relationship with his son, and complying with the terms and conditions of his release.

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Handy's Motion for Early Termination of Supervised Release (Dkt. 21) is **DENIED**.

DATED: May 31, 2024

_____
David C. Nye
Chief U.S. District Court Judge